Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| NEYSSA MIGDALIA MALAVÉ QUESADA<br><br>Apelante<br><br>v.<br><br>MAR CHIQUITA HOUSING INVESTMENTS, LLC, IVETTE ORTIZ ZAYAS<br><br>Apelada | TA2025AP00693 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo Civil (402)<br><br>NÚM.: MT2025CV00204<br><br>SOBRE: Sentencia Declaratoria |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2026.

El 18 de diciembre de 2025, la señora Neyssa Migdalia Malavé Quesada (la señora Malavé Quesada o apelante) presentó una *Apelación* ante nos en la que solicitó que revoquemos la *Sentencia Parcial* emitida y notificada el 29 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Manatí (TPI o foro primario).[1]

En el aludido dictamen, el TPI desestimó, con perjuicio, la *Demanda* instada por la apelante tras declarar Ha Lugar la *Moción de desestimación* instada por la señora Ivette Ortiz Zayas (la señora Ortiz Zayas o la apelada) tras determinar que la *Demanda* carecía de alegaciones que justificaran la concesión de un remedio.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

---

[1] Entrada Núm. 47 del caso núm. MT2025CV00204 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

**I.**

El caso de autos tuvo su origen cuando el 13 de marzo de 2025, la señora Malavé Quesada radicó una *Acción civil jurada, incumplimiento de contrato, solicitud de interdicto permanente, sentencia declaratoria y daños y perjuicios* en la que alegó que estaba en búsqueda de un apartamento dado que temía por su seguridad ante la relación turbulenta que tuvo con su ex pareja.[2] Ante ello, la apelante adujo que, la señora Ortiz Zayas, Administradora del Condominio Mar Chiquita Dream View, le indicó que, había un apartamento disponible en el Condominio Mar Chiquita Dream View por la cuantía de $150,000.00. No obstante, la apelante le solicitó a la señora Ortiz Zayas que necesitaba mudarse con carácter de urgencia ante su situación conyugal. Consecuentemente, le rogó a esta que suscribiera un contrato de arrendamiento con opción a compra hasta tanto se perfeccionara su divorcio y proceso de divorcio. Así las cosas, señaló que, el 19 de julio de 2021, fue otorgado el contrato de compraventa. Con ello, la apelante adujo que, comenzó a realizar varios trámites para agilizar el financiamiento en aras de lograr la compraventa, pese a que se encontraba en un proceso de divorcio.

Luego de varios intentos infructuosos para obtener un préstamo de financiamiento, el 13 de febrero de 2024, la apelante señaló que, recibió una carta de desalojo y cancelación del contrato. La apelante sostuvo que se comunicó con la señora Ortiz Zayas y esta le informó que el inmueble había sido vendido y no se le podía extender su estadía en el apartamento. Asimismo, la apelante alegó que no se había percatado que, el 24 de junio de 2023, la señora Ortiz Zayas le había cursado una misiva en la que fue modificado el contrato de arrendamiento con opción a compra tras el valor del apartamento ascender. Argumentó que, el 17 de abril de 2024, le

---

[2] Entrada Núm. 1 del caso núm. MT2025CV00204 en el SUMAC.

cursó una reclamación extrajudicial a la señora Ortiz Zayas y a Mar Chiquita Housing Investments, LLC, en la que no obtuvo una respuesta. Ante este cuadro, la señora Malavé Quesada instó la presente causa de acción en la que esbozó que la señora Ortiz Zayas violentó varias disposiciones de la *Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico*, Ley Núm. 10 de 26 de abril de 1994 (Ley Núm. 10-1994), 30 LPRA sec. 3025 y el *Reglamento de Venta de Propiedades Localizadas Dentro y Fuera de Puerto Rico*, Reglamento Núm. 6629 de 6 de junio de 2003 (Reglamento Núm. 6629). En virtud de ello, la apelante enfatizó que, la señora Ortiz Zayas fungió como corredora de bienes raíces sin estar autorizada para dicha labor. Además, destacó que, la señora Ortiz Zayas incurrió en incumplimiento contractual tras no cumplir con el contrato de arrendamiento y opción de compra pese a las gestiones de financiamiento que llevó a cabo. Por tanto, solicitó que fuese indemnizada por la cuantía de $300,000.00 en concepto de daños y perjuicios y que el foro primario emitiera un interdicto permanente y una sentencia declaratoria.

El 2 de junio de 2025, la señora Ortiz Zayas radicó una *Solicitud de desestimación* en la que argumentó que, actuó de buena fe en representación de la parte apelada y que sus acciones fueron en calidad representativa de la compañía, no a título personal.[3] Alegó que, la señora Malavé Quesada no pudo cualificar para un préstamo para completar la compraventa por lo que tuvo que ser desalojada de la propiedad. En esa línea, arguyó que, las alegaciones contenidas en la *Demanda* no son sucintas y sencillas y carece de hechos que justifiquen la concesión de un remedio.

El 10 de junio de 2025, Mar Chiquita Housing Investments, LLC instó una *Contestación a demanda* en la que afirmó que no

---

[3] Entrada Núm. 12 del caso núm. MT2025CV00204 en el SUMAC.

procedía la suma reclamada en concepto de daños y perjuicios solicitados por la apelante.[4] Asimismo, alegó que la señora Malavé Quesada incumplió con sus deberes contractuales. En la misma, Mar Chiquita Housing Investments, LLC, interpuso una *Reconvención* en la que reclamó que, acordó un canon de arrendamiento por la suma de $900.00 con la apelada. Empero, adujo que el 8 de febrero de 2024, le informó a la apelante que el canon de arrendamiento ascendería a $1,200.00 y que debía informar su consentimiento, de lo contrario procedía la entrega de la propiedad. Ante su inacción, la parte apelada esbozó que procedió a cancelar el contrato. Por otro lado, la parte apelada sostuvo que, la señora Malavé Quesada le adeuda el monto de $10,200.00 en concepto de cánones de arrendamiento. Por ende, solicitó que el TPI impusiera el monto de $25,000.00 por honorarios por temeridad.

Así pues, en lo que nos concierne, el 16 de julio de 2025, la señora Malavé Quesada presentó una *Oposición a moción de desestimación (Entrada Número 20)* en la que señaló que, durante el mes de abril de 2021, la apelante le interesaba residir en un apartamento del Condominio Mar Chiquita Dream View debido a que tenía cámaras de seguridad y vigilancia.[5] Alegó que, le indicó que había un apartamento que estaba disponible. Cónsono con ello, la señora Malavé Quesada adujo que inició los trámites de financiamiento. Resaltó que, dichos trámites fueron dilatados a causa de su proceso de divorcio y otros problemas económicos que confrontó. Ante ello, la parte apelada le informó que tenía que desalojar la propiedad debido a que fue vendida a otra persona. Sin embargo, argumentó que, posteriormente, advino en conocimiento de que su contrato de arrendamiento con opción a compra fue alterado dado que el valor del inmueble aumentó. Ante este cuadro,

---

[4] Entrada Núm. 14 del caso núm. MT2025CV00204 en el SUMAC.
[5] Entrada Núm. 22 del caso núm. MT2025CV00204 en el SUMAC.

la señora Malavé Quesada argumentó que la señora Ortiz Zayas actuó como corredora de bienes raíces sin estar debidamente licenciada y no le suministró toda la información relacionada al inmueble para completar la transacción de la compraventa. Por tanto, solicitó que el foro primario no ordenara la desestimación del pleito con respecto a la señora Ortiz Zayas.

Tras varios trámites procesales, el 29 de octubre de 2025, el TPI emitió y notificó una *Sentencia Parcial* en la que desestimó, con perjuicio, la causa de acción con respecto a la señora Ortiz Zayas.[6] El foro primario determinó que, la señora Ortiz Zayas actuó en representación de la parte apelada y no en carácter personal. Asimismo, razonó que, los contratos que dieron origen a la relación contractual fueron entre la parte apelada y la señora Malavé Quesada y, por tanto, la señora Ortiz Zayas no participó de dichos contratos en su favor. Además, resolvió que, de ser ciertos, los alegados daños que sufrió la apelada le correspondería a Mar Chiquita Housing Investments, LLC, responder y no a la señora Ortiz Zayas dado que esta actuó en representación de la corporación y no en el aspecto personal. Consecuentemente, resolvió que, tomando como cierta las alegaciones de las partes conforme la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, procedía la desestimación solicitada por la señora Ortiz Zayas. Encima, le ordenó a la apelante a pagar el monto de $1,000.00 en concepto de honorarios de abogado por temeridad.

Insatisfecha, el 10 de noviembre de 2025, la señora Quesada Malavé instó una *Moción de reconsideración y en solicitud de determinaciones de hechos y conclusiones de derecho (Entrada Número 47)* en la que reiteró su reclamo en que la señora Ortiz Zayas violentó las disposiciones de la Ley Núm. 10-1994, *supra,* y el Reglamento Núm. 6629 tras actuar como corredora de bienes

---

[6] Entrada Núm. 47 del caso núm. MT2025CV00204 en el SUMAC.

raíces.[7] Adujo que, surgía palmariamente de las alegaciones de la *Demanda* que, la señora Ortiz Zayas actuó de forma fraudulenta. Arguyó que, no actuó de forma temeraria debido a que ha expuesto alegaciones válidas en su *Demanda*, conforme a derecho y de buena fe. Por ende, solicitó que el *foro a quo* dejara sin efecto la *Sentencia* emitida y la imposición de honorarios de abogados.

Evaluada la referida moción, el 25 de noviembre de 2025, el foro primario emitió y notificó una *Resolución* en la que denegó la *Moción de reconsideración y en solicitud de determinaciones de hechos y conclusiones de derecho (Entrada Número 47)* en virtud de que las alegaciones de fraude fueron de forma genérica y no de manera específica, exigidas por la Regla 7.2 de Procedimiento Civil, *supra*, R. 7.2.[8] Concluyó que, las violaciones al amparo de la Ley Núm. 10-1994, *supra*, y el Reglamento Núm. 6629 deben ser interpuestas ante el Departamento de Asuntos del Consumidor (DACO) puesto que es el foro con jurisdicción primaria. En fin, los reclamos de la señora Quesada Malavé no guardan relación con la señora Ortiz Zayas toda vez que esta actuó en representación de Mar Chiquita Housing Investments, LLC y no en su carácter personal. Por tanto, reiteró que la apelada debe cumplir con el pago ordenado en concepto de honorarios de abogados tras ocasionar que la señora Ortiz Zayas incurriera en gastos innecesarios.

Inconforme, la apelada acude ante nos a través de un recurso de *Apelación* en el que formuló los siguientes señalamientos de error:

> Primer Error: Erró y abusó de su discreción el foro de instancia al dictar Sentencia Parcial desestimando con perjuicio la Demanda de este caso contra la parte apelada, aduciendo incorrectamente que la relación de hechos de dicha Demanda no establece la responsabilidad de la parte apelada hacia la parte apelante y que la primera haya cometido fraude contra la parte apelante. A ello se le suma que el foro de instancia erró y abusó de su discreción al imponer honorarios de abogados a la parte apelante, cuando la Demanda de este caso satisface las disposiciones

---

[7] Entrada Núm. 49 del caso núm. MT2025CV00204 en el SUMAC.
[8] Entrada Núm. 50 del caso núm. MT2025CV00204 en el SUMAC.

atinentes del ordenamiento jurídico en cuanto a la naturaleza de las alegaciones de una Demanda.

Segundo error: Erró y abusó de su discreción el foro de instancia al reiterar sus conclusiones erróneas en derecho y mantener su imposición de honorarios de abogados contra la parte apelante en su Resolución del 25 de noviembre de 2025, mediante la cual denegó la moción de reconsideración de la parte apelante.

En atención a nuestra *Resolución*, el 19 de enero de 2026, la señora Ortiz Zayas radicó un Alegato de la parte apelada.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el recurso ante nos.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2 dispone que,

Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable.

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2 permite que un demandado solicite al Tribunal que desestime la demanda antes de contestarla cuando "es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Inmobiliaria Baleares, LLC v. Benabe González*, 214 DPR 1109, 1128 (2024); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020). La solicitud debe hacerse mediante una moción y tiene que estar fundamentada bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia o [la] persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar

de acumular una parte indispensable. *Inmobiliaria Baleares, LLC v. Benabe González, supra*, pág. 1128; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022); *López García v. López García*, 200 DPR 50, 69 (2018). Ahora bien, las partes o el Tribunal motu proprio pueden elevar el planteamiento de falta de jurisdicción sobre la materia y esta puede hacerse en cualquier etapa de los procedimientos. *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012). En lo pertinente, una desestimación por la parte dejar de exponer una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha resuelto que al resolver una moción de desestimación los tribunales están obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. *El Día. Inc. v. Mun. De Guaynabo,* 187 DPR 811, 821 (2013).

Al momento de evaluar una moción al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el Tribunal tiene que tomar como cierto los hechos alegados en la demanda y considerarlo de la manera más favorable para el demandante. *Inmobiliaria Baleares, LLC v. Benabe González, supra*, pág. 1129; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 396. Para que un demandado prospere ante una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, tiene que demostrar que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiera probar en apoyo a su reclamación, aun interpretando de forma liberal la demanda. *Inmobiliaria Baleares, LLC v. Benabe González, supra*, págs. 1129-1130; *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 396. Ante una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el Tribunal debe examinar si el demandante no tiene derecho a que se ventile el pleito, ya sea al amparo del remedio principal o el alternativo. *Cobra Acquisitions v. Mun. Yabucoa et al., supra*, pág. 397. Si el foro primario resuelve que la demanda no cumple con estándar de plausabilidad, el tribunal

debe desestimar la demanda y no permitir que una demanda "insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba puedan probarse las alegaciones conclusorias". R. Hernández Colón, *Derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 307.

**B.**

La Regla 6.1 de Procedimiento Civil, dispone que,

Una alegación que exponga una solicitud de remedio contendrá:
(1) una relación sucinta y sencilla de los hechos demostrativos de que la parte peticionaria tiene derecho a un remedio, y
(2) una solicitud del remedio a que crea tener derecho. Podrán ser solicitados remedios alternativos o de diversa naturaleza.

En una demanda, no tiene que exponerse detalladamente todos los hechos que dan lugar a la reclamación. *León Torres v. Rivera Lebrón*, 204 DPR 20, 40 (2020). Las alegaciones se interpretarán de forma conjunta y liberalmente a favor de la parte demandante en aras de hacer justicia. *León Torres v. Rivera Lebrón*, *supra*, pág. 40; *Torres, Torres v. Torres et al.*, 179 DPR 481 (2010); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La finalidad de las aleaciones es advertir a la parte adversa en el proceso acerca los hechos y reclamaciones a las que afrontará en el transcurso del trámite judicial. *León Torres v. Rivera Lebrón*, *supra*, pág. 40. La información que contenga una demanda debe cumplir con los requisitos mínimos del debido proceso de ley. *León Torres v. Rivera Lebrón*, *supra*, págs. 40-41.

Por su parte, la Regla 7.2 de Procedimiento Civil, *supra*, estatuye que,

En todas las aseveraciones de fraude o error, las circunstancias que constituyen el fraude o error **deberán exponerse detalladamente**. La malicia, la intención, el conocimiento y cualquier otra actitud o estado mental de una persona puede aseverarse en términos generales.

(Énfasis nuestro).

**C.**

La Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, establece que,

[...]

(d) Honorarios de abogado. En caso que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al o a la responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. En caso que el Estado Libre Asociado de Puerto Rico, sus municipios, agencias o dependencias haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia una suma por concepto de honorarios de abogado, excepto en los casos en que esté expresamente exento por ley del pago de honorarios de abogado.

Nuestro ordenamiento jurídico rige que la concesión de honorarios de abogados a la parte que prevaleció en un litigio depende si la parte perdidosa o su abogado actuó o no con temeridad, *Corpak, Art Printing v. Ramallo Brothers*, 125 DPR 724, 736 (1990); *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianzas Público-Privadas*, 213 DPR 103, 115 (2023). El tribunal tiene la discreción en determinar si en efecto un abogado o la parte perdidosa actuó con temeridad, frivolidad o la existencia de una ley especial. *Ortiz Valle v. Panadería Ricomini*, 210 DPR 831 (2022). Si el Tribunal determina que una parte incurrió en temeridad, el foro sentenciador está obligado a imponer el pago de los honorarios de abogado a la parte que prevaleció en el pleito. *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianzas Público-Privadas*, *supra*, pág. 116; *Torres Montalvo v. Gobernador ELA*, 194 DPR 760, 779 (2016).

**D.**

Una de las fuentes de las obligaciones surge cuando los actos y las omisiones en los que intervenga cualquier género de culpa o negligencia, está obligado a reparar el daño causado. Código Civil de Puerto Rico, 31 LPRA sec. 5141. El Art. 1536 del Código Civil de Puerto Rico, *supra* sec. 10801, establece que la persona que por

culpa o negligencia causa daño a otra, viene obligada a repararlo. La culpa o negligencia consiste en "la falta de debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias". *López v. Porrata Doria*, 169 DPR 135, 151 (2006); *Toro Aponte v. ELA*, 142 DPR 464, 473 (1997). Para que prospere una acción de daños y perjuicios, el reclamante debe establecer: (1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado, y (3) el acto u omisión cual tiene que ser culposo o negligente. *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *Pérez Hernández v. Lares Medical Center, Inc.*, 207 DPR 965, 976 (2021); *López v. Porrata Doria, supra*, pág. 150 (2006). La culpa o negligencia consiste en la falta del debido cuidado, que a la vez consiste en no anticipar y prever las consecuencias racionales de un acto, o de la omisión de un acto, que una persona prudente habría de prever en las mismas circunstancias. *Mena Pamias v. Jiménez Meléndez*, 212 DPR 758, 768 (2023). Véase, además, *Pérez Hernández v. Lares Medical Center, Inc., supra*, págs. 976–977; *López v. Porrata Doria, supra*, pág. 151; *Toro Aponte v. ELA*, 142 DPR 464, 473 (1997).

Ahora bien, entre el acto culposo y el daño sufrido debe existir un nexo causal adecuado. *Pérez Hernández v. Lares Medical Center, Inc., supra*, pág. 977. El nexo causal adecuado no es "causa de toda condición sin la cual no se hubiera producido el resultado, sino la que ordinariamente lo produce, según la experiencia general". *Pérez Hernández v. Lares Medical Center, Inc., supra*, págs. 976-977.

Así pues, una vez se imponga responsabilidad conforme a la normativa jurídica pormenorizada, se resarce al damnificado con un valor económico al daño sufrido. *Mena Pamias v. Jiménez Meléndez, supra*, pág. 769; citando a: *García Pagán v. Shiley Caribbean, etc.*, 122 DPR 193, 206 (1988).

**III.**

En el caso de epígrafe, la señora Malavé Quesada argumentó que el TPI erró en desestimar, con perjuicio, la causa de acción instada en contra de la señora Ortiz Zayas. Ello, toda vez que, surge patentemente de las alegaciones las acciones fraudulentas en las que incurrió la señora Ortiz Zayas tras la apelante ser desahuciada del apartamento sujeto de un contrato de arrendamiento con opción a compra.

Conforme las normas jurídicas pormenorizadas, para que prospere una causa de acción de responsabilidad civil extracontractual al amparo del Artículo 1536 del Código Civil, *supra,* se debe establecer: (1) la existencia de un daño real; (2) el nexo causal entre el daño y la acción u omisión del demandado, y (3) el acto u omisión cual tiene que ser culposo o negligente. *Cruz Flores et al. v. Hosp. Ryder et al., supra*; *Pérez Hernández v. Lares Medical Center, Inc., supra*, pág. 976; *López v. Porrata Doria, supra*, pág. 150. Ahora bien, la parte promovente debe esbozar en la *Demanda,* de forma sucinta y sencilla, los hechos que dieron lugar a la controversia y el remedio que solicita ante los eventos que motivaron la presentación de la *Demanda*. Cónsono con lo anterior, en una *Demanda* que se alegue que la parte contraria actuó de forma fraudulenta, deben surgir de forma detallada las circunstancias que generaron el fraude o error, y no en términos generales. De lo contrario, de interpretarse de la forma más beneficiosa las alegaciones contenidas en una demanda, si estas no justifican la concesión del remedio solicitado, procede la desestimación de la causa de acción conforme la Regla 10.2 de Procedimiento Civil, *supra.*

Tras realizar un examen detenido de las alegaciones de la apelante concurrimos con el foro primario en que la *Demanda* no

contenía alegaciones que justificaran la concesión del remedio solicitado por la apelante. Veamos.

A tenor con lo establecido en la Regla 10.2 de Procedimiento Civil, *supra*, y la normativa aplicable, resolvemos que las alegaciones contenidas en la *Demanda* instada por la apelante son insuficientes y por tanto, deja de exponer una reclamación que justifique la concesión de un remedio al amparo del Art. 1536 del Código Civil, *supra*. En virtud de ello, la señora Malavé Quesada no indicó con suficiente especificidad los hechos fraudulentos que cometió la señora Ortiz Zayas los cuales justifiquen una indemnización en concepto de daños y perjuicios. Consecuentemente, resolvemos que el *foro a quo* actuó correctamente en desestimar la causa de acción dado que la señora Malavé Quesada no demostró que ostenta un derecho al remedio que solicitó.

Por otro lado, la señora Malavé Quesada alegó que, el foro primario erró en determinar que esta actuó de forma temeraria y, por tanto, procedía la concesión de honorarios de abogados.

Es sabido que, la Regla 44.1 de Procedimiento Civil, *supra*, rige lo relacionado a la concesión de los honorarios de abogados. El Tribunal debe ejercer su discreción para determinar la procedencia de honorarios de abogados ante la actuación temeraria de la parte que inicio el pleito.

Ahora bien, esta Curia en un sano ejercicio de la discreción que ostentamos los foros judiciales resolvemos que, en esta etapa de los procedimientos no es prematuro pasar juicio si procede o no la imposición de honorarios de abogado por temeridad. Cónsono con lo anterior, el pleito con respecto a la señora Ortiz Zayas, culminó por lo que podemos determinar si en efecto la señora Malavé Quesada actuó temerariamente. Ante ello, resolvemos que el TPI no abusó de su discreción tras imponer honorarios de abogados por temeridad puesto que, la señora Ortiz Zayas no puede responder en

su carácter personal por las acciones que llevo a cabo en nombre de Mar Chiquita Housing Investments, LLC. Asimismo, la señora Ortiz Zayas tuvo que incurrir en gastos procesales innecesarios en aras de defenderse adecuadamente durante el pleito. Por ende, no dejaremos sin efecto los honorarios de abogados por temeridad impuestos por el TPI.

A la luz de lo anterior, resolvemos que el foro primario actuó correctamente en desestimar, con perjuicio, la causa de acción presentada en contra de la señora Ortiz Zayas e imponer honorarios de abogados por temeridad.

**IV.**

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones